### AHRENS et al. v. UNITED GROWERS CO.

(City Court of New York, General Term.    January 12, 1895.)

ACCORD AND SATISFACTION—RECEIPT IN FULL.

    A receipt in full is not an accord and satisfaction merely because it reads, "In full payment."

Appeal from special term.

Action by Lawrence W. Ahrens and another against United Growers Company.    There was a judgment in favor of defendant, and plaintiffs appeal.    Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and CONLAN, JJ.

George W. Carr, for appellants.

M. S. & I. S. Isaacs, for respondent.

FITZSIMONS, J.    The quantity of envelopes and circulars ordered from plaintiffs by defendant, and the prices therefor, as the evidence shows, were in dispute.    The plaintiffs' and defendant's statements concerning that phase of this litigation were correctly submitted to

the jury. They decided in plaintiffs' favor, and there is ample evidence justifying their finding. The question at folio 100 was perhaps wrong in form, but the answer shows what the receipt in full was for, and plaintiffs had a perfect right to explain the meaning of the receipt referred to. Such a receipt may always be explained.

The letter referred to in appellants' second point was rightfully excluded. Defendant had no right to create evidence in its favor in that way. Again, the court was justified in refusing to permit the defendant to introduce in evidence other work done by plaintiffs for it. The question was, did they perform their contract in this instance? The receipts, because they read "in full payment," etc., for that reason cannot be said to be an accord and satisfaction of plaintiffs' claim. They can be explained as before stated. There was a sufficient offer of delivery of the goods in question, and also a sufficient demand, as the evidence shows. As to the preponderance of testimony, I think the jury was right in determining that it was in plaintiffs' favor. The whole appeal record shows that the judgment was a fair one, and it is affirmed, with costs. All concur.